# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# (FT. MYERS DIVISION)

NEELAM UPPAL,   Case No.:

            Plaintiff,   **VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

v.

WELLS FARGO FINANCIAL, a Foreign Corporation doing
business in the State of Florida, and John Does 1-5 (Unknown).,

            Defendant.
_____/

COMPLAINT FOR FRAUD, DECLARATORY RELIEF,

RESIDENTIAL MORTGAGE )

FLORIDA CONSUMER SALES CORPORATION)

VIOLATION STATUTES, CONSPIRACY, RICO, AND OTHER RELIEF

_____)

## NATURE OF ACTION

    Plaintiff, NEELAM UPPAL, by and through her undersigned attorney, referred to as (the "Plaintiff" or "Dr. Uppal") sues Defendant WELLS FARGO FINANCIAL, a Foreign Corporation doing

business in the State of Florida ("Defendant"), and John Does 1-5 for damages in EXCESS of $ 75, 000 for

violations 18 US Code section 1964, Civil Racketeer Influenced and Corrupt Organization Act; Mail Fraud; and other as listed in Counts.

## JURISDICTION AND VENUE

1. Plaintiff is of majority age and is a resident of the State of Florida and is a "consumer" as defined in Florida Revised Code (hereafter "FRC") Sec. 494.

2. Defendant, was, at all material times hereto, a corporation which was registered in Florida which Plaintiff are unaware of the true identities and capacities of Defendants JOHN DOES 1-5 , inclusive, and therefore sue these Defendants by fictitious names. Plaintiff was informed and believe, pursuant to the course of events and facts set forth herein, that JOHN DOES 1-5 is responsible, together with the named Defendants above, for the acts and omissions set forth herein and that the Plaintiffs' injuries and damages were caused, together with the named

3. Defendants hereinabove, by Defendants JOHN DOE 1-5. At the appropriate point in this litigation and in connection with matters to be revealed in formal discovery, Plaintiff shall seek

leave to their Complaint to add additional facts and party Defendants pursuant to and provided by the Federal Truth In Lending Act.

4. Jurisdiction of the subject matter in this Court is proper pursuant to

28 U.S.C. sec. 1331, as Plaintiffs have sought relief under multiple Federal Statutes.

5. Jurisdiction of the Federal claims is proper in this Court pursuant to 15 U.S.C. sec. 1601 et. seq. and 15 U.S.C. sec. 1640(e).

6. Jurisdiction over the state-law claims is proper under the doctrine of Supplemental or Pendent Jurisdiction pursuant to 28 U.S.C. sec. 1367(a).

7. The cause of action herein arose in Pinnellas County, Florida by virtue of a mortgage loan and related inter-temporal transactions associated therewith which concern the Plaintiffs' primary residential real estate which is located in Pinellas, County
which is within this Judicial District.

8. Venue of this action is proper within this Court as at least one named Defendant is subject to suit within this Court, and thus all Defendants are properly sued in this Court. Material Facts Common to All Counts

## FACTUAL ALLEGATIONS

**PROPERTY ADDRESS 8760 46TH STREET**

9. The aforesaid property was purchased by the Sheena Trust . ( Exhibit A-Of Composite Exhibit) .

10. The plaintiff had obtained a collateral loan from the trust on May 16, 2003. (Exhibit B- -Of Composite Exhibit) .

11. The Plaintiff paid off the loan on September 7, 2005 and the Release was issued a satisfaction. ( Exhibit C- -Of Composite Exhibit) .

12. On December1, 2005 , the Defendant issues a loan by forging

ROBO signatures ( Exhibit D -Of Composite Exhibit).  The Defendant by its agents did 'Copy and Paste' on loan documents.

13.   Plaintiff never received any funds pursuant to the forged loan documents.

14.    In 2012, the Defendant filed a Foreclosure action. The Complaint was never served to the plaintiff. (Exhibit E -Of Composite Exhibit).

19.    Plaintiff was unaware of the forged note and misunderstood that the action was on the released loan. ( Exhibit F- -Of Composite Exhibit) .

20.    Plaintiff discovered the forged loan note on February 2018 during the bankruptcy hearing, when the Defendant's attorney  argued to claim on the note.

21.    Plaintiff suffered damages as sale of the house is pending and the Plaintiff has loss the gained equity as a result of the fraud by the Defendants.

22.     Plaintiff is responsible attorney fees owed to her attorney and costs in this action.

## Claims for Relief

### COUNT I

### CIVIL ACTION FOR VIOLATIONS OF RICO STATUTE-FEDERAL

### 18 US CODE 1964

23. Plaintiffs reaffirm and reallege paragraphs 1 through 22 hereinabove as set forth more fully herein below.

24. This claim is being brought by Plaintiff pursuant to Civil Rico under 18 U.S. Code Section 1964 which authorizes the institution of a civil action for violations of, including the collection of an unlawful debt pursuant to a pattern of corrupt activity and the acquisition of an interest in real property through a pattern of corrupt activity .

25. As set forth above, Defendants, who are "persons" within the statutory scheme, have engaged in a pattern of corrupt activity in order to not only seek the collection of an unlawful debt from Plaintiffs, but also to acquire an interest in real estate consisting of the Plaintiffs' primary residence.

26. The conspiracy the subject of this action existed the present, with the injuries and damages resulting therefrom being continuing.

27. Defendants' actions and use of false signatures on mortgages as described above in paragraphs and concerted and predetermined acts and conduct specifically designed to defraud Plaintiff constitutes an "enterprise", with the aim and objective of the enterprise being to perpetrate a fraud upon the Plaintiffs through the use of

intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents.

28. Each of the Defendants is an "enterprise Defendant" within the statutory scheme.

29. As a direct and proximate result of the actions of the Defendants, Plaintiffs have and continue to suffer damages.

30. Pursuant to statute, the court may order the Defendants' divestiture in any interest in real property, and Plaintiffs request the entry of Final Judgment against Defendants divesting their interest in the real property the subject of this action.

31. Pursuant to statute, the Court may order injunctive relief without a showing of special or irreparable injury, and may issue a temporary injunction or temporary restraining order upon a showing of significant injury to the Plaintiff.

32. As set forth above, Plaintiffs have suffered significant injuries including the loss of their home, overpayment of fraudulent charges, damages to her credit rating, and a foreclosure.

33. Plaintiffs are also entitled to an award of three times actual damages sustained.

34. Plaintiffs are also entitled to reasonable attorneys' fees for having to bring this action.

WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff pray for the immediate issuance of a Preliminary Injunction or Temporary Restraining Order precluding

the foreclosure sale of their property or any other disposition of the subject property pending the determination of this action; the entry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; and for any other and further relief which is just and proper, and punitive damages.

## COUNT II-CIVIL RICO BY MAIL FRAUD

35. Plaintiffs reaffirm and reallege paragraphs 1 through 22 hereinabove as set forth more fully herein below.

36. Defendants by and through their agents, unlawfully sought employment by or associated with an enterprise to either conduct or participate in, either directly or indirectly, the enterprise through a pattern of racketeering activity.

37. Defendants by and through their agents, unlawfully acquired, maintained an interest in, and/or had control over, an enterprise or property of any nature, including money, through a pattern of racketeering activity.

38. Defendants, by and through their agents, are associated in fact, and therefore engaged in at least two acts of racketeering activity by

committing numerous counts of mail fraud in violation of 18 U.S.C.A. § 1343, by having transmitted written communication by wire or mail that was devised in scheme to defraud and/or constituted an attempt to obtain money or property by a means of false or fraudulent pretenses, representations, or promises.

39. As discussed in paragraphs above, the fraudulent signatures and communication through mail was in violation of RICO civil mail fraud.

WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff pray for the immediate issuance of a Preliminary Injunction or Temporary Restraining Order precluding the foreclosure sale of their property or any other disposition of the subject property pending the determination of this action; the entry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; and for any other and further relief which is just and proper, and punitive damages.

## COUNT IIi:

## VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT

40.     Plaintiffs reaffirm and reallege paragraphs 1 through 22 herein as if specifically set forth more fully hereinbelow.

41.     As mortgage lenders, Defendants are subject to the provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 USC sec. 2601 et seq.

42.     In violation of 12 USC sec. 2607 and in connection with the mortgage loan to Plaintiffs, Defendants accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed.

43.     As a result of the Defendants' violations of RESPA, Defendants are liable to Plaintiffs in an amount equal to three(3) times the amount of charges paid by Plaintiffs for "settlement services" pursuant to 12 USC sec. 2607(d)(2).

WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff pray for the immediate issuance of a Preliminary Injunction or Temporary Restraining Order precluding the foreclosure sale of their property or any other disposition of the subject property pending the determination of this action; the entry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and

declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; and for any other and further relief which is just and proper, and punitive damages.

## COUNT IV:

### VIOLATIONS OF FEDERAL THUTH-IN-LENDING ACT

44.   Plaintiffs reaffirm and reallege paragraphs 1 through 22 hereinabove as if set forth more fully herein below.

45.   Defendants failed to include and disclose certain charges in the finance charge shown on the TIL statement, which charges were imposed on Plaintiff incident to the extension of credit to the Plaintiff and were required to be disclosed pursuant to 15 USC sec. 1605 and Regulation Z sec. 226.4, thus resulting in an improper disclosure of finance charges in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(d). Such undisclosed charges include a sum identified on the Settlement Statement listing the amount financed which is different from the sum listed on the original Note.

46.   By calculating the annual percentage rate ("APR") based upon improperly calculated and disclosed amounts, Defendants are in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(c), 18(d), and 22.

47.   Defendants' failure to provide the required disclosures provides Plaintiffs with the right to rescind the transaction, and Plaintiffs, through this public Complaint which is intended to be construed, for purposes of this claim, as a formal Notice of Recission, hereby elect to rescind the transaction.

WHEREFORE, having set forth the above-described legally sufficient

causes of actions against the Defendants, Plaintiff pray for the immediate issuance of a Preliminary Injunction or Temporary Restraining Order precluding the foreclosure sale of their property or any other disposition of the subject property pending the determination of this action; the entry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; and for any other and further relief which is just and proper, and punitive damages.

## COUNT V:

## VIOLATION OF FAIR CREDIT REPORTING ACT

48.   Plaintiffs reaffirm and reallege paragraphs 1 through 22 above as if set forth more fully hereinbelow.

49.   At all times material, Defendants qualified as a provider of information to the Credit Reporting Agencies, including but not limited to Experian, Equifax, and TransUnion, under the Federal Fair Credit Reporting Act.

50.   Defendants wrongfully, improperly, and illegally reported negative

information as to the Plaintiffs to one or more Credit Reporting Agencies, resulting in Plaintiffs having negative information on their credit reports and the lowering of their FICO scores.

51. Pursuant to 15 USC sec. 1681(s)(2)(b), Plaintiffs are entitled to maintain a private cause of action against Defendants for an award of damages in an amount to be proven at the time of trial for all violations of the Fair Credit Reporting Act which caused actual damages to Plaintiffs, including emotional distress and humiliation.

52. Plaintiffs are entitled to recover damages from Defendants for negligent non-compliance with the Fair Credit Reporting Act pursuant to 15 USC sec. 1681(o).

53. Plaintiffs are also entitled to an award of punitive damages against Defendants for their willful noncompliance with the Fair Credit Reporting Act pursuant to 15 USC sec. 1681(n)(a)(2) in an amount to be proven at time of trial.

WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff pray for the immediate issuance of a Preliminary Injunction or Temporary Restraining Order precluding the foreclosure sale of their property or any other disposition of the subject property pending the determination of this action; the entry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; for costs and attorneys'

fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; and for any other and further relief which is just and proper, and punitive damages.

## COUNT VII:

## FRAUDULENT MISREPRESENTATION

54. Plaintiffs reaffirm and reallege paragraphs 1 through 22 hereinabove as if set forth more fully hereinbelow.

55. Defendants knowingly and intentionally concealed material information from Plaintiffs which is required by Federal Statutes and Regulations to be disclosed to the Plaintiffs both before and at the closing, as set forth in above paragraphs.

56. Defendants also materially misrepresented material information to the Plaintiffs with full knowledge by Defendants that their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made.

57. Under the circumstances, the material omissions and material misrepresentations of the Defendants were malicious.

58. Plaintiffs, not being investment bankers, securities dealers, mortgage lenders, mortgage brokers, or mortgage lenders, reasonably relied upon the

representations of the Defendants in agreeing to execute the mortgage loan documents.

59.   Had Plaintiff known of the falsity of Defendants' representations, Plaintiff would not have entered into the transactions the subject of this action.

60.   As a direct and proximate cause of the Defendants' material omissions and material misrepresentations, Plaintiffs have suffered damages.
WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff pray for the immediate issuance of a Preliminary Injunction or Temporary Restraining Order precluding the foreclosure sale of their property or any other disposition of the subject property pending the determination of this action; the entry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; and for any other and further relief which is just and proper, and punitive damages.

## COUNT VIII:

## <u>CIVIL CONSPIRACY</u>

61. Plaintiffs reaffirm and reallege paragraphs 1 through 22 hereinabove as if set forth more fully hereinbelow.

62. In connection with the application for and consummation of the mortgage loan the subject of this action, Defendants agreed, between and among themselves, to engage in actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the Plaintiffs.

63. Defendants agreed between and among themselves to engage in the conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and detriment to the Plaintiffs.

64. The actions of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiffs.

65. As a direct and proximate result of the actions of the Defendants in combination resulting in fraud and breaches of fiduciary duties, Plaintiff have suffered damages.

66. Plaintiffs thus demand an award of actual, compensatory, and punitive damages.

WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff pray for the immediate

issuance of a Preliminary Injunction or Temporary Restraining Order precluding the foreclosure sale of their property or any other disposition of the subject property pending the determination of this action; the entry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; and for any other and further relief which is just and proper, and punitive damages.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all matters so triable as a matter of right.

Respectfully submitted,

DISCRIMINATION LAW CENTER, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.
(561) 299-3892 fax.

By:  /s/ Jay F. Romano
Jay F. Romano
Trial Attorney
Florida Bar No.: 0934097

**VERIFICATION CLAUSE**

I _____ON THIS _____ DAY 0F _____, 2019, STATE

THAT THE ALLEGATIONS ARE TRUE AND CORRECT AS LISTED ABOVE.


_____
NEELAM UPPAL


                                              By:   /s/ Jay F. Romano
                                                 Jay F. Romano
                                                 Trial Attorney
                                                 Florida Bar No.: 0934097

**SIGNED FORM IN SEPARATE DOCKET # SUBMITTED**