UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEELAM UPPAL,

    Plaintiff,

Case No. 8:19-cv-1334-T-02JSS

v.

WELLS FARGO BANK, NA,
doing business in the State of Florida,
and JOHN DOES 1–5 (Unknown),

    Defendants.

_____/

## Order Granting Motion to Dismiss

This matter is before the Court on Defendant Wells Fargo's Motion to Dismiss (Dkt. 49) Plaintiff Neelam Uppal's Second Amended Complaint (Dkt. 44) and Plaintiff's response in opposition (Dkt. 57). After careful consideration, the Court grants the Motion to Dismiss but will permit Plaintiff a final opportunity to amend her Fair Credit Reporting Act claim against Wells Fargo.

## Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282,

1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## Discussion

The facts and procedural background of this case were discussed in detail in a previous order. Dkt. 37 at 2–7. But, simply put, Uppal alleges that Wells Fargo created a forged loan secured by a mortgage on some property of Uppal's, Wells Fargo used that loan to foreclose on the property, and then falsely reported information about that forged loan to credit reporting agencies that, in turn, negatively impacted Uppal's credit. In her Second Amended Complaint Uppal brings a single claim for violation of the Fair Credit Reporting Act ("FCRA').

In a previous order this Court stated that:

> The FCRA requires furnishers of credit information to investigate the accuracy of such information upon receiving notice of a dispute. 15 U.S.C. § 1681s–2(b). "This provision of the FCRA can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (citing 15 U.S.C. § 1681s–2(b)(1)). Plaintiff has not alleged anything about notice.

Dkt. 37 at 15. Because of Uppal's failure to allege notice under FCRA this Court dismissed the FCRA claim in that complaint, but with leave to amend.

2

In the Second Amended Complaint Uppal realleges the FCRA claim but adds that she "gave notice to [Well Fargo] regarding unlawful reporting to credit bureaus from 2012 through 2019" and that she "sent notices to the credit bureaus throughout the false reporting by [Wells Fargo] as late as 2019, January." Dkt. 44 at 3. While Uppal now alleges notice, she misses a key part of this Court's previous order and of the case law surrounding FCRA claims. Courts have uniformly concluded that 15 U.S.C. § 1681 s–2(b) provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the consumer alone, that the credit information was disputed. *See, e.g.*, *Green v. RBS Nat. Bank*, 288 F. App'x 641, 642 (11th Cir. 2008); *Maitland v. Spectrum*, No. 3:17-CV-1232-J-20JBT, 2018 WL 6444923, at *1 (M.D. Fla. Oct. 18, 2018). While Uppal alleges she gave notice to Wells Fargo and to credit bureaus, she fails to allege Equifax, Experian, or any other consumer reporting agency notified Wells Fargo of the dispute as required to state a claim under 15 U.S.C. § 1681s-2(b). Having failed to allege a critical element necessary to state a claim, Count I of the Second Amended Complaint must be dismissed.

That said, since Uppal does allege that she "sent notices to the credit bureaus throughout the false reporting" it is possible that Uppal may be able to allege the proper factual basis for the notice requirement.  Dkt. 44 at 3. So, to the extent Uppal can properly state a claim under the FCRA, she may replead such claim

3

within fourteen days, otherwise this case will be dismissed with prejudice. But, if replead, Plaintiff should note that if she is unable to establish her allegations—in essence that a third party forged her mortgage and Wells Fargo knew her mortgage was forged (long before Wells took over the debt)—by competent proof, she and her lawyer may be subject to sanctions. So a thorough soul searching may be necessary before this matter proceeds further.

In addition, the Second Amended Complaint is carelessly written, and must be corrected entirely if Plaintiff wishes one more try. For example, Plaintiff alleges that Defendant issued a forged loan. Dkt. 44 at 2. This is plainly refuted by Plaintiff's own attachments—the Defendant did not issue the loan. *See* Dkt. 72-1 at 17–21 and Dkt. 72-1 at 32. Further, the Plaintiff claims that she first discovered the forged loan note in February, 2018, in a bankruptcy hearing (Dkt. 44 at 3), but Plaintiff's exhibit filings show she was served with a lawsuit on this note in 2012, and filed a pro se response denying liability in 2013. Dkt. 72-1 at 24–26, 29–30. The Plaintiff also alleged in her present December, 2019 Second Amended Complaint that "sale of the house is pending" (Dkt. 44 at 3) but the house was sold two months prior, on October 8, 2019.  *See* Dkt. 34-1 at 2.  Likewise, the prayer for injunction of the sale or disposition of the house is quite moot (Dkt. 44 at 5) as it happened before the Second Amended Complaint was drafted. This must be removed from any further prayer for relief because of plain mootness, but also

because such remedy is not available under the cause of action alleged. The present cause of action affords no injunctive remedy for declaring a foreclosure to be illegal and void and this prayer should not be repeated. If Plaintiff repeats a pray for treble damages, she should cite the specific statutory entitlement.

## Conclusion

The Court grants Wells Fargo's Motion to Dismiss (Dkt. 49) without prejudice. Should Uppal be unable to replead her FCRA claim within fourteen days, this matter will be closed.

**DONE AND ORDERED** at Tampa, Florida, on July 22, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record